IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL KENNEDY LOUIS, #13009922,<br>     Plaintiff, | § § § | |
| v. | § | 3:13-CV-2311-B-BK |
| ATTORNEY FELIPE LINK,<br>     Defendant. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a Dallas County Jail inmate, filed a *pro se* complaint under 42 U.S.C. § 1983 against Defendant Felipe Link, a Dallas attorney. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, the complaint should be summarily dismissed.

**I. BACKGROUND**

Plaintiff alleges that Defendant Link represented him in a civil action that stemmed from an automobile accident, which left his car totaled and caused him to be hospitalized with injuries to his neck and lower back. (Doc. 3 at 4). According to Plaintiff, Defendant Link did not "settle [the] case correctly [and] then took 50% of [the] settlement," instead of the previously agreed 32 percent. *Id.* at 3-4. Plaintiff states that Defendant was "deliberately indiffer[ent] [and] mishandled the lawsuit." *Id.* at 4. He requests 1.5 million dollars in damages. *Id.*

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which

relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Plaintiff filed his complaint on the standard form used by prisoners for seeking relief under 42 U.S.C. § 1983. The complaint, however, cannot support a cause of action under that section. To pursue a section 1983 claim, a plaintiff must allege facts showing that (1) the defendant deprived him of a right secured by the Constitution and the laws of the United States, and (2) the defendant was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff does not plead the deprivation of a right secured by the Constitution. Rather, giving liberal construction to his complaint, he appears to only allege legal malpractice. In any event, Defendant Link, Plaintiff's retained counsel in the civil case, is a private individual. Consequently, his conduct did not occur under the color of state law. Courts have long recognized that private attorneys, even when appointed by the court to represent a defendant in a criminal case, are not official state actors and are generally not subject to suit under section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Therefore, Plaintiff's complaint lacks any basis in law and should be dismissed as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

SIGNED June 27, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."